## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 08 2020, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark S. Lenyo
South Bend, Indiana

ATTORNEY FOR APPELLEE

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Cortez Walker,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 8, 2020

Court of Appeals Case No.
19A-CR-3025

Appeal from the St. Joseph
Superior Court

The Honorable Julie P. Verheye,
Magistrate

Trial Court Cause No.
71D07-1907-CM-2594

**Najam, Judge.**

## Statement of the Case

[1] Cortez Walker appeals his conviction for disorderly conduct, as a Class B misdemeanor, following a bench trial. Walker raises one issue for our review,

namely, whether the State presented sufficient evidence to rebut his claims of self-defense and defense of others. We affirm.

## Facts and Procedural History

[2] On July 1, 2019, Johnnie Anderson and his wife, Arnetta, stopped at a Burger King restaurant so that Arnetta could use the restroom. While Arnetta was inside, Walker and his girlfriend, Andrea Campbell, arrived at the Burger King in Walker's car. Also with them were Walker and Campbell's children and Campbell's brother. Walker stopped in the parking lot, but he and Campbell remained in the car. Arnetta then exited the restaurant and saw Walker's car in between the entrance and her car. Arnetta had a restraining order against Walker, so she was "skeptical" of walking by his vehicle because she "didn't know if he was going to hit [her] or not." Tr. Vol. II at 16.

[3] When Arnetta passed Walker's car, Campbell said that she "needed to fight" Arnetta. *Id*. at 17. In response, Arnetta said "I'm right here, [Campbell], let's fight." *Id*. However, Arnetta kept walking toward her car. At that point, Walker moved his car to a parking spot, and Campbell got out of the car. After Campbell exited her vehicle, Arnetta went over to her, and the two women decided to fight each other. Arnetta then "threw the first punch." *Id*. at 28.

[4] As soon as the women began to fight, Walker and other individuals got out of Walker's car and "jumped in" the fight. *Id*. at 29. During the altercation, Walker and the others struck and kicked Arnetta, and one of Campbell's children pulled Arnetta's hair. *Id*. at 19. At some point, Arnetta was "pushed

to the ground." *Id*. While Arnetta was on the ground, Walker "kicked [her] in [her] head." *Id*. At that point, Johnnie got involved in order "to get them off" of Arnetta. *Id*. at 25. Johnnie then fell to the ground, and Walker and another man "kicked" and "stomped on" on him. *Id*. at 48.

[5] Campbell's brother, who was the manager of Burger King, broke up the fight. Johnnie and Arnetta left Burger King and went to the hospital, and they called the police. Officer David Boutsomsy with the South Bend Police Department responded to the call, and he met Johnnie and Arnetta at the hospital. Officer Boutsomsy observed that Johnnie had lacerations to his head and legs and that his arm was in a sling. He also observed that Arnetta had some bruising and other "minor injuries." *Id*. at 8.

[6] The State charged Walker with disorderly conduct, as a Class B misdemeanor. At his ensuing bench trial, Walker admitted that he had kicked Arnetta in the head and that he had fought Johnnie, but he asserted that he had acted in self-defense and in the defense of others. The court found that Walker "chose to participate" in the fight and that he had kicked two people who were "down on the ground." *Id*. at 84. Accordingly, the court rejected Walker's defenses and found him guilty. This appeal ensued.

## Discussion and Decision

[7] On appeal, Walker asserts that the State failed to present sufficient evidence to rebut his self-defense and defense of others claims. "'A valid claim of defense of oneself or another person is legal justification for an otherwise criminal act.'"

*Simpson v. State*, 915 N.E.2d 511, 514 (Ind. Ct. App. 2009) (quoting *Hobson v. State*, 795 N.E.2d 1118, 1121 (Ind. Ct. App. 2003)). To prevail on a claim of self-defense or defense of a third person, the defendant must show that he was in a place where he had a right to be; did not provoke, instigate, or participate willingly in the violence; and had a reasonable fear of death or great bodily harm. *See id*.

[8] When a claim of self-defense or defense of a third person is raised and finds support in the evidence, "the State has the burden of negating at least one of the necessary elements beyond a reasonable doubt." *Id*. The State may meet its burden by either rebutting the defense directly or by relying on the sufficiency of the evidence in its case-in-chief. *Id*. Whether the State has met its burden is a question for the trier of fact. *Miller v. State*, 720 N.E.2d 696, 700 (Ind. 1999).

[9] We review a challenge to the sufficiency of the evidence to rebut such defenses using the same standard as for any claim of insufficient evidence. *Simpson*, 915 N.E.2d at 514. We "neither reweigh the evidence nor judge the credibility of the witnesses. If there is sufficient evidence of probative value to support the conclusion of the trier-of-fact, then the [judgment] will not be disturbed." *Id.* (citations omitted).

[10] Here, Walker asserts that he was legally justified in fighting Arnetta and Johnnie because he was "without fault" as he only became involved after Arnetta "coaxed" Campbell into a physical confrontation. Appellant's Br. at 9.

He further contends that he was acting to protect Campbell and his children "from the imminent use of unlawful force" by Arnetta. *Id*. at 10.

[11] However, the evidence most favorable to the trial court's judgment indicates that, after Campbell and Arnetta started to fight one another, Walker joined in. Indeed, even after Arnetta had been pushed to the ground, Walker kicked her in the head. The evidence further demonstrates that Johnnie intervened in an attempt to pull everyone off of Arnetta and, in the process, he fell to the ground. And even though Johnnie was on the ground, Walker proceeded to "kick[]" and "stomp[]" on him. Tr. Vol. II at 48. In other words, Walker continued to fight two people even after they had fallen to the ground. That evidence is sufficient to show that Walker willing participated in the fight. It is also sufficient to show that, at the time he kicked Arnetta and Johnnie, Walker was no longer in reasonable fear for his safety or the safety of others. Accordingly, the State presented sufficient evidence to rebut Walker's claims of self-defense and defense of others. Walker's argument on appeal is merely a request for this court to reweigh the evidence, which we cannot do. We therefore affirm his conviction.

[12] Affirmed.

Kirsch, J., and Brown, J., concur.